James D. Fessenden, for libellant.

Thomas B. Reed, for respondent.

FOX, District Judge. In cases of this nature, it is a general rule of the court, that when it is manifest that the seaman deserved punishment, the court will not award him damages, unless the punishment was excessive. The present case is not subject to this rule, as under the circumstances the master can not be justified in any court, for committing any assault whatever on the libellant. The weather was at the time quite bad, almost a gale, with a heavy sea; the libellant was alone at the wheel, and the lives of all on board were in his charge, dependent on his being able to retain the control and management of the ship with the wheel. An assault upon the man at the wheel is never justifiable, for in such a case the lives of all are put in jeopardy. However flagrant at the moment might be the language or behavior of the wheels-man, the only course for the master to pursue is to relieve him from his position, put another of the crew at the wheel, and then administer to the guilty party such punishment as he might have merited for his misconduct.

The damages therefore, in the present case, will be somewhat heavier than are usually awarded, as the court feels called upon to express its most decided censure of the conduct of the master, and to admonish him and all other officers of vessels, that they must never assault the helmsman, however provoking and exasperating his language or conduct may be.

Decree for libellant for $100.00 and costs.

WAGER (BUSSEY v.). See Case No. 2,231.

WAGER (HALL v.). See Case No. 5,951.

## Case No. 17,034.

### WAGER v. LEAR.

[2 Cranch, C. C. 92.] 1

Circuit Court, District of Columbia. Dec. Term, 1813.

SPECIAL BAIL.

Special bail will be required in an action of covenant for rent, upon a proper affidavit.

Covenant for rent arrear. The plaintiff [Wager's administratrix] had not filed his declaration, but had filed the lease, and an account, with the plaintiff's affidavit that it was just and true.

Mr. Jones, for defendant, offered an appearance without bail. The paper filed is not a lease, but an agreement for a lease. No action of covenant for the non-payment of rent will lie upon it. No lease in Virginia for more than five years is good, unless acknowledged or proved by three witnesses and recorded. There

---

1 [Reported by Hon. William Cranch, Chief Judge.]

are only two witnesses to this deed. The only action which can be supported in this case, is for actual use and occupation from year to year.

F. S. Key, contra. The account and affidavit are sufficient to hold the defendant to bail, without the lease.

THE COURT ruled the defendant to give special bail.

## Case No. 17,035.

### WAGGENER et ux. v. CHEEK et al.

[2 Dill. 560.] 1

Circuit Court, E. D. Arkansas. 1873.

REMOVAL OF CAUSES—FINAL HEARING OR TRIAL—REMOVAL FROM APPELLATE COURT.

1. Whether, under the act of March 2, 1867 [14 Stat. 558], which requires the application for the removal of a cause from the state court to the federal court to be made "before the final hearing or trial of the suit," a suit in equity can be removed when pending in an appellate tribunal, quære?

[Cited in Sharp v. Gutcher, 74 Ind. 363.]

2. Such a suit cannot be removed from the appellate court after it has been finally submitted to it.

3. Nor can it be removed by the plaintiff as to one of several necessary defendants.

This cause comes before the court on the transcript of a record certified by the clerk of the supreme court of the state of Arkansas. Upon the question, whether this court has jurisdiction of it, the following are the material facts as shown by the record: The suit, which was in equity, was originally brought in one of the state courts, and the complainants [John H. Waggener and wife] sought to be relieved from the obligation to pay the purchase price ($75,000) of certain property which the complainant (Waggener) purchased from the executor of Elijah Cheek, deceased, and for which, except the sum of $10,000, paid in cash, the complainants made notes to the executor, and, to secure the same, executed a deed of trust to [Oliver P.] Lyles, one of the defendants. The ground of complaint in the bill is, that the executor had no power to make the sale, because the probate court had no authority in law to probate and establish a lost will, and because the decree of the chancery court establishing said lost will was void, for the reason that such of the heirs at law of the said Elijah Cheek as were not provided for therein were not notified of the proceeding. The bill makes defendants the executors of Elijah Cheek, the heirs at law, several in number, of the said Elijah, and also Lyles, the trustee in the deed of trust to secure the purchase money. Answers were filed to the merits by the various defendants, and made cross-bills. Pending the proceedings in the state court, two injunctions against the sale of the property by the trustee under the deed of trust were granted and dissolved, and a receiver was appointed with power to lease

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]